

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00007-CV

R. WAYNE JOHNSON, Appellant

V.

U.S. POST OFFICE, ET AL., Appellee

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 92147

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

R. Wayne Johnson, proceeding pro se, has filed a notice of appeal of the trial court's order dismissing his case with prejudice for failure to comply with his obligations under Section 11.101 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101. Upon this Court's review of Johnson's filing, we noted a potential defect in our jurisdiction over this appeal.

Section 11.102(a) of the Texas Civil Practice and Remedies Code provides, "A vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of . . . the local administrative judge." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a).[1] Although the clerk of this Court may file an appeal from a prefiling order, the clerk "may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103.

The record in this matter is devoid of an order from the appropriate local administrative judge permitting the filing of this appeal. By letter dated February 23, 2024, we notified Johnson of this potential defect in our jurisdiction and afforded him the opportunity to show this Court how it had jurisdiction over this proceeding. We further informed Johnson that he was required

---

[1]We have previously dealt with Johnson in his capacity as a vexatious litigant. *See, e.g.*, *In re Johnson*, No. 06-11-00116-CV, 2011 WL 5135298 (Tex. App.—Texarkana Oct. 28, 2011, orig. proceeding) (mem. op.); *In re Johnson*, No. 06-11-00096-CV, 2011 WL 4686502 (Tex. App.—Texarkana Oct. 7, 2011, orig. proceeding) (mem. op.).

to respond by March 14, 2024, and that his failure to do so would result in dismissal of his case for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Johnson did not file a response. We, therefore, conclude that his case is ripe for dismissal.

We dismiss this appeal for want of jurisdiction.


Scott E. Stevens
Chief Justice

Date Submitted:     March 22, 2024
Date Decided:       March 25, 2024